United States District Court
Southern District of Texas
**ENTERED**
December 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIEKTRICH MORGAN, § § | |
| Plaintiff. § § | |
| VS. § | CIVIL ACTION NO. 4:20-cv-02555 |
| § § | |
| KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § | |
| Defendant. § | |

# MEMORANDUM AND RECOMMENDATION

Plaintiff Diektrich Morgan ("Morgan") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Morgan and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Administration" or "Commissioner").[1] *See* Dkts. 13, 14. After reviewing the briefing, the record, and the applicable law, I recommend that Morgan's motion for summary judgment be **GRANTED**, and the Commissioner's motion for summary judgment be **DENIED**.

## BACKGROUND

Morgan filed an application for supplemental security income under Title II of the Act on January 15, 2019, alleging disability beginning on December 31, 2015. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Morgan was

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

not disabled. Morgan filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Morgan had "not engaged in substantial gainful activity since December 31, 2015," the date of his application. Dkt. 10-3 at 13.

The ALJ found at Step 2 that Morgan suffered from "the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy, depression and anxiety." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Morgan's RFC as follows:

> [Morgan] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can only occasionally climb ladders, ropes, and scaffolds. The claimant can frequently stoop and crouch. The claimant may need to alternate standing and walking with sitting for 10 minutes in the morning and 10 minutes in the afternoon, in addition to the normal breaks. The claimant may need to take pain, anti-inflammatory, and psychiatric medications while at work. The claimant can frequently interact with supervisors and coworkers. The claimant can remain on task at a sustained rate of concentration, persistence and pace for at least 90% of the workday.

*Id.* at 16–17 (footnotes omitted).

At Step 4, the ALJ found that Morgan is capable of performing past relevant work as a parking enforcement agent and a financial aid counselor. *See id.* at 20. Thus, the ALJ concluded that Morgan is not disabled.

## DISCUSSION

This appeal primarily concerns one issue: whether in crafting the RFC, the ALJ improperly rejected the medical opinion of Morgan's treating physician in favor of his own lay medical opinion. In my view, the answer is yes, and this case must be remanded.

The facts here are rather simple. Before the ALJ, Morgan presented medical evidence substantiating his alleged severe mental and physical impairments. In pertinent part, the ALJ determined that Morgan suffered from depression and anxiety. In conjunction with his assertion of mental impairments, Morgan submitted the treatment records of Dr. Juan C. Gonzalez, his treating physician at the Veterans Administration ("VA"). In addition to his treatment notes, Dr. Gonzalez submitted a completed questionnaire, specifically describing Morgan's diagnosis and the impact his mental impairments have on his ability to thrive in a workplace. *See* Dkt. 10-12 at 84–88. The workplace limitations described by Dr. Gonzalez go far beyond those stated in the ALJ's RFC determination.

Instead of contending with Dr. Gonzalez's described limitations, the ALJ simply stated that he did not find Dr. Gonzalez's opinion "persuasive as it is not consistent with nor supported by the objective medical evidence as a whole, including the generally benign mental status examinations." Dkt. 10-3 at 20. Notably, in making this determination, the ALJ did not rely upon any other medical opinion. Indeed, the ALJ had already rejected the medical opinion of the state agency psychological consultants—the only other medical providers offering an opinion on Morgan's prospective workplace limitations. *See id.* ("The undersigned does not find the opinions of the state agency psychological

4

consultants persuasive as they are not supported by the evidence, including the testimony of the claimant, and inconsistent with the record."). This means the ALJ interpreted the raw medical evidence without the benefit of a medical expert.[2]

While it is true that an ALJ has the ultimate responsibility to determine an applicant's RFC, "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009). When this occurs, the "error is harmful and requires remand" because "the ALJ's determination is not based on substantial evidence." *McCool v. Saul*, No. 3:19-CV-00393, 2020 WL 4905501, at *4 (S.D. Tex. Aug. 20, 2020). That is what happened here.

Consequently, this case should be remanded for further consideration.

## CONCLUSION

For the reasons provided above, I recommend that Morgan's motion for summary judgment be **GRANTED**, and the Commissioner's motion for summary judgment be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an

---

[2] The Commissioner contends that the limitations Dr. Gonzalez describes in the questionnaire are inconsistent with his treatment notes. Sometimes, this type of argument has force. Here, however, Dr. Gonzalez expressly stated: "I consider my clinical note findings to be consistent with the opinions stated in answer to these questions." Dkt. 10-12 at 88. In the face of this clear statement, it is hard to understand on what basis the ALJ disagrees. This is particularly so given the ALJ's failure to rely upon a competing medical opinion.

aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 23rd day of December 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE